IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE PEEPLES,<br>　　　Plaintiff,<br><br>　　　v.<br><br>EQUIFAX INFORMATION<br>SERVICES LLC, *et al.*,<br>　　　Defendants. | :<br>:<br>:<br>: 　CIVIL ACTION NO. 23-CV-0617<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**YOUNGE, J.**                                                                                          **JULY 6, 2023**

Plaintiff Jacqueline Peeples initiated this civil action by filing a *pro se* Complaint raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Named as Defendants are Equifax Information Services LLC ("Equifax"), Experian Information Services, Inc. ("Experian"), and TransUnion Holding Company ("TransUnion"). Peeples also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Peeples leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Peeples will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.        FACTUAL ALLEGATIONS**[1]

The allegations in Peeples's Complaint are sparse and generalized. As noted above, Peeples alleges claims against Equifax, Experian, and TransUnion, asserting that each of them is a consumer reporting agency under the FCRA. (Compl. (ECF No. 4) at 4-5.) Without identifying a specific defendant, Peeples alleges that she, as a consumer, "called Defendant on or

---

[1] The facts set forth in this Memorandum are taken from Peeples's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

about January 2022 . . . [to] dispute[] the incompleteness and/or accuracy of multiple tradelines appearing in [her] credit report prepared maintained and published by Defendants." (*Id.* at 5-6.) Peeples asserts that "[t]he following are accounts highlighted": Victoria Secret, Target, Portfolio Recovery, PHEAA, Nordstrom, CBB Ulta, CBB Boscov, and Bloomingdales. (*Id*. at 6.)

Peeples avers generally that the Defendants "failed to update financial and credit reports; . . . failed to maintain the proper standards of giving credit report; . . . provided [] inaccurate financial and credit information; and . . . committed actions, errors and poorly maintained files." (*Id.*) Peeples contends that the Defendants inaccurately reported her payment history, made no attempts to contact her regarding any information or dispute in her credit report, failed to reinvestigate her dispute, failed to delete and/or modify the disputed tradelines appearing in her credit report, and failed to provide her with a copy of the results from the reinvestigation within thirty days. (*Id.* at 7-8.) Peeples specifically cites to 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A) as the basis for her claims. (*Id.* at 7-8.)

Peeples asserts that as a result of the Defendants' failures, she has been "unable to acquire favorable funding, having [been] denied due to inaccurate credit file and information." (*Id. at 6.*) Peeples seeks monetary relief. (*Id.* at 8-9.)

## II.     STANDARD OF REVIEW

As Peeples appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the

facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Peeples is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

### III. DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[2]

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 344-45 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Liberally construing her Complaint, Peeples has not pled a plausible claim against any named Defendant because she has not alleged the necessary factual information required to show that a statutory violation occurred. Although Peeples appears to indicate that there is inaccurate information on her credit reports concerning Victoria Secret, Target, Portfolio Recovery, PHEAA, Nordstrom, CBB Ulta, CBB Boscov, and Bloomingdales (Compl. at 6), she has not sufficiently set forth facts describing what inaccurate information she believes was included in her consumer reports nor clearly explained why the information was inaccurate. Accordingly, the Complaint fails to state a claim as pled. *See, e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1)

identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Whiteford v. Equifax Inc.*, No. 21-94, 2021 WL 3683293, at *3 (W.D. Pa. Aug. 18, 2021) (dismissing § 1681e(b) claim because plaintiff failed to plead any inaccuracies); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report).  Accordingly, Peeples's Complaint fails to allege a plausible claim for relief at this time.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Peeples's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The Court will grant Peeples leave to amend to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any amended complaint

should clearly describe the factual basis for any FCRA claims.  An appropriate Order follows, which provides further instruction as to amendment.

                                **BY THE COURT:**

                                <u>***/s/ John Milton Younge***</u>
                                **JOHN M. YOUNGE, J.**