IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE PEEPLES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0617 |
| | : | |
| EQUIFAX INFORMATION | : | |
| SERVICES LLC, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                           **SEPTEMBER 8th, 2023**

      Plaintiff Jacqueline Peeples initiated this civil action by filing a *pro se* Complaint seeking damages for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Services, Inc. ("Experian"), and TransUnion Holding Company ("TransUnion"). The Court previously granted Peeples *in forma pauperis* status and dismissed her claims without prejudice for failure to state a claim. Peeples has since returned with an Amended Complaint. For the following reasons, the Court will dismiss her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend.

**I.**  **FACTUAL ALLEGATIONS**[1]

      In her initial Complaint, Peeples asserted claims against Equifax, Experian, and TransUnion, averring that each of them was a consumer reporting agency under the FCRA. (Compl. (ECF No. 4) at 4-5.)[2] Peeples alleged that she, as a consumer, "called Defendant on or

---

[1] The factual allegations set forth in this Memorandum are taken from Peeples's Complaint and Amended Complaint.

[2] The Court adopts the pagination assigned to the Complaint and Amended Complaint by the CM/ECF system.

about January 2022 . . . [to] dispute[] the incompleteness and/or accuracy of multiple tradelines appearing in [her] credit report" with respect to the following accounts:  Victoria Secret, Target, Portfolio Recovery, PHEAA, Nordstrom, CBB Ulta, CBB Boscov, and Bloomingdales.  (*Id*. at 5-6.)  Referencing 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A), Peeples contended that the Defendants inaccurately reported her payment history, made no attempts to contact her regarding any information or dispute in her credit report, failed to reinvestigate her dispute, failed to delete and/or modify the disputed tradelines appearing in her credit report, and failed to provide her with a copy of the results from the reinvestigation.  (*Id.* at 7-8.)  As a result of these actions, Peeples sought monetary relief, claiming that she had been "unable to acquire favorable funding, having [been] denied due to inaccurate credit file and information."  (*Id.* at 6, 8-9.)

In a July 6, 2023 Memorandum and Order, the Court granted Peeples leave to proceed *in forma pauperis* and dismissed her Complaint without prejudice.  *See Peeples v. Equifax Info. Servs. LLC*, No. 23-0617, 2023 WL 4374411, at *1 (E.D. Pa. July 6, 2023).  The Court determined that Peeples failed to sufficiently set forth facts describing what inaccurate information she believed was included in her consumer reports or explain why the information was inaccurate, and, as a result, the Complaint failed to state a claim as pled.  *See id.* at 3 (citing *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information")).  The Court provided Peeples with an opportunity to cure the deficiencies by filing an amended complaint.  Peeples was instructed that any amended complaint was required to state a claim without reference to the initial Complaint

or other documents filed in this case, and suggested she be mindful of the Court's reasons for dismissing her initial Complaint. (ECF No. 8.)

Peeples has returned with her Amended Complaint, and she has renamed Equifax, Experian, and TransUnion as Defendants. (Am. Compl. (ECF No. 9).) Again, her allegations are vague and generalized. Peeples now seeks relief pursuant to the Consumer Financial Protection Act ("CFPA"), the Truth in Lending Act ("TILA"), and the Truth in Savings Act ("TISA"). (*Id.* at 1.) More specifically, she asserts that she is suing "Defendant [for] violating the Consumer Financial Protection Act's prohibition against unfair and abusive practices as well as the Truth in Lending Act and the Truth in Savings Act and their implementing regulations." (*Id.*) Peeples avers that "unlawful conduct" has occurred with respect to "regulating the offering and providing of consumer-financial products and services under federal consumer financial law." (*Id.*) She also conclusively asserts that "contracts underrepresent[] the true cost of the loan which continue[] to violate the CFPA, TILA, TISA, and their implementing regulations violate tradelines appearing in credit reports prepared, maintained and published by Defendants." (*Id.* at 2.) Without providing any further identifying information, Peeples references the following accounts: Victoria Secret, Target, Portfolio Recovery, PHEAA, Nordstrom, CBB Ulta, CBB Boscov, and Bloomingdales. (*Id.*)

Peeples recites certain provisions of the CFPA, including 12 U.S.C. §§ 5531(c)(1) and 5531(d)(2)(B), before concluding that the Defendants "engaged in abusive acts or practices that violate" these provisions. (*Id.* at 2-3.) She avers generally in the argument section of her Amended Complaint that there are "unauthorized deposit accounts" and "consumers' knowledge or consent are likely to cause substantial injury in the form of fees, penalties, and negative effects to consumer-reporting-agency information." (*Id.* at 3-4.) Peeples does not explicitly identify,

however, any alleged "unfair and abusive practices" by any of the named Defendants with respect to the accounts listed, nor does she identify the relief she seeks, other than her statement that she "seeks to proceed with a federal lawsuit." (*Id.* at 3.)

## II. STANDARD OF REVIEW

Since Peeples is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court construes the allegations of the Amended Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

## III. DISCUSSION

In her initial Complaint, Peeples asserted claims under FCRA but was unsuccessful because she failed to sufficiently set forth facts describing what inaccurate information she believed was included in her consumer reports or explain why the information was inaccurate. *See Peeples*, 2023 WL 4374411, at *3. In the Amended Complaint, Peeples attempts to reframe

her claims as arising under the CFPA, TILA, and TISA. For the following reasons, Peeples has again failed to state a plausible claim for relief.

### A. CFPA Claims

Peeples's claims under the CFPA are not plausible. Numerous courts have held that there is no private cause of action under the CFPA and that the Act is enforceable only by the Bureau of Consumer Financial Protection. 12 U.S.C. § 5564(a). *See Conway v. U.S. Bank, Nat'l Ass'n*, No. 18-4916, 2018 WL 6417346, at *3 (E.D. Pa. Dec. 6, 2018) ("There is no private right of action under the Consumer Financial Protection Act; the Act is enforced only by the Bureau of Consumer Financial Protection." (collecting cases)); *Carmichael v. Sacramento Reg'l Transit*, No. 16-2476, 2018 WL 338977, *3 (E.D. Cal. Jan. 8, 2018) (Consumer Financial Protection Act does not create a private right of action) (collecting cases), *report and recommendation adopted by*, 2018 WL 10667266 (E.D. Cal. Mar. 19, 2018). Accordingly, Peeples cannot state a claim under the CFPA.

### B. TILA Claims

The TILA regulates "the relationship between lenders and consumers . . . by requiring certain disclosures regarding loan terms and arrangements." *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). The TILA "gives borrowers a civil cause of action against creditors who violate [required] disclosures." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998); *see also* 15 U.S.C. § 1640(e).

Peeples's claims under the TILA are also not plausible. Peeples does not allege facts to suggest that any Defendant is or was, at any relevant time, a creditor — and, in fact, they are not. *See* CFPB – Consumer Financial Protection Bureau, *List of Consumer Reporting Agencies*, https://www.consumerfinance.gov/consumer-tools/credit-reports-and-scores/consumer-reporting-

companies/ (last visited Sept. 7, 2023). Rather, all three of the Defendants are "consumer reporting agencies," who prepare, maintain, and publish credit reports as Peeples has previously noted in her pleadings. *See* Compl. at 4-5, Am. Compl. at 2. Accordingly, any claims under TILA fail as a matter of law and will be dismissed as to all Defendants. *See Jackson v. Warning*, No. 15-1233, 2016 WL 520947, at *6 (D. Md. Feb. 5, 2016) (TILA requirements apply to creditors, and not consumer reporting agencies such as Equifax, TransUnion, and Experian); *Veckinburg v. Equifax Info. Servs. LLC,* No. 04-673, 2006 WL 2039969, at *3 (E.D.N.Y. July 21, 2006) (dismissing TILA claim as meritless because Equifax is not a creditor within the meaning of TILA).

## C. TISA Claims

Finally, Peeples's claims under TISA are not plausible. TISA, 12 U.S.C. § 4301 *et seq.*, governs what financial institutions must disclose to their customers and how they make those disclosures. *See Alfaro v. Bank of Am.*, No. 19-22762, 2021 WL 1149889, at *2 (S.D. Fla. Feb. 23, 2021). As noted above, however, Defendants are consumer reporting agencies, not financial institutions. Moreover, several courts have held that there is no private right of action of action under TISA.[3] *See Patterson v. PNC Bank*, No. 21-1622, 2023 WL 1972111, at *3 (W.D. Pa. Jan. 23, 2023), *report and recommendation adopted*, No. 21-1622, 2023 WL 1970576 (W.D. Pa. Feb. 13, 2023); *Vathana v. EverBank*, 770 F.3d 1272, 1278 (9th Cir. 2014) (TISA does not

---

[3] Although TISA once provided for plaintiffs to bring a private right of action, this aspect of the statute was repealed as of September 30, 2001. *See Schnall v. Amboy Nat. Bank*, 279 F.3d 205, 209 n.2 (3d Cir. 2002) (citing Act of Sept. 30, 1996, Pub.L. 104-208, § 2604(a), 110 Stat. 3009, 3009-470 (1996)); *see also Barnes v. Fleet Nat. Bank, N.A.*, 370 F.3d 164, 169 n.4 (1st Cir. 2004); *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 456 (D.N.J. 2007) ("The Court's conclusion that this controversy does not belong in federal court is underscored by Congress's repeal of the private right of action under TISA and related withdrawal of federal jurisdiction over such claims in 2001").

provide a private right of action to enforce its provisions) (citing 12 U.S.C. § 4309 (providing for administrative enforcement of TISA by the Federal Reserve Board)); *Gunther v. Cap. One*, N.A., 703 F. Supp. 2d 264, 271 (E.D.N.Y. April 8, 2010). Accordingly, Peeples cannot state a claim under the TISA.

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Peeples's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Since Peeples was already given an opportunity to amend the defects in her claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

/s/ John Milton Younge
  
**JOHN M. YOUNGE, J.**